# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS M. NEGRON | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : NO. 13-cv-00169 |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : |
| Defendant. | : |

**MEMORANDUM**

YOHN, J.                                                                                                  July 31, 2013

      This action arises out of a claim by plaintiff, Luis M. Negron, that defendant, the School District of Philadelphia ("School District"), violated Pennsylvania law when it relied on information in Negron's criminal record in deciding to terminate his employment as a special education teacher. Specifically, Negron claims that the School District's actions violated article I, section 1 of the Pennsylvania Constitution (count I) and section 9125 of Pennsylvania's Criminal History Record Information Act, 18 Pa. Cons. Stat. Ann. § 9125 (count II). Negron also claims his discharge amounted to wrongful termination under Pennsylvania common law (count III). Before me is the School District's motion to dismiss counts II and III pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will grant the School District's motion to dismiss in its entirety; however, I will also grant Negron's request for leave to file an amended complaint with respect to count II.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts contained in Negron's complaint are scant. Negron alleges that he applied for a position as a special education teacher with the School District prior to September 2009. (Compl. ¶ 8.) At one point during the application process, Negron was asked to complete an employment application, in which one of the questions was, "Were you ever convicted of a crime?" (*Id*. ¶ 8.) A conviction was defined as "an adjudication of guilt . . . which results in a fine, sentence or probation." (*Id*.) The application stated that an applicant "may omit . . . any convictions for which you successfully completed an Accelerated Rehabilitative Disposition ["ARD"] Program." (*Id*.)

Negron's criminal record amounted to two charges, both of which he received in January 1999. (*Id*. ¶ 9.) For both charges, he alleges that he successfully completed an ARD program. (*Id*.) Thus, on his application, Negron stated that he did not have any prior convictions. (*Id*. ¶ 10.) Following the application process, Negron began his job with the School District on September 1, 2009. (*Id*. ¶ 7.)

On January 28, 2011, the School District terminated Negron's employment. (*Id*. ¶ 11.) Negron alleges that the School District discovered the charges from January 1999 on his criminal record and then fired him for making misrepresentations regarding his criminal history on the application. (*Id*. ¶ 12.) Negron states that after the School District informed him as to its reason for terminating his employment, he provided the School District with documentary proof that he completed ARD programs for both charges; thus, he argues that the charges were not convictions, and therefore he did not make any misrepresentations on his employment

application.[1] (*Id*. ¶ 12.) Negron maintains that the School District's proffered reason for firing him is false and pretextual, and that the decision was motivated at least in part by his criminal history. (*Id*. ¶¶ 12–13.)

On January 11, 2013, Negron filed a complaint in the Eastern District of Pennsylvania, alleging that the School District's actions violated article I, section 1, of the Pennsylvania Constitution (count I), as well as Pennsylvania's Criminal History Record Information Act ("CHRIA"), 18 Pa. Cons. Stat. Ann. § 9125 (count II). Negron also claimed that his discharge constituted wrongful termination under Pennsylvania common law (count III). On April 23, 2013, I issued an order giving the School District until June 3, 2013, to answer or otherwise respond to Negron's complaint. On June 3, 2013, the School District filed a motion to dismiss, seeking to dismiss counts II and III of the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

---

[1] At the Rule 16 conference on May 7, 2013, the court urged the parties to get copies of the actual criminal records from the Montgomery County Clerk of Courts and to send a copy to the court. They agreed to do so, but neither has complied thus far.

conclusory statements" will not suffice. *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain sufficient factual matter to be plausible on its face. *See id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; a sheer possibility that a defendant acted unlawfully is not sufficient. *Id.* Therefore, to survive a motion to dismiss, a plaintiff must allege facts sufficient to "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

The School District seeks to dismiss count II and III, which allege a violation of the CHRIA and wrongful termination under Pennsylvania common law, respectively. It does not challenge count I, Negron's claim that his termination violated article I, section 1, of Pennsylvania's Constitution. I will address the School District's motion to dismiss counts II and III in order.

### A. Count II: Violation of CHRIA

Section 9125 of the CHRIA states the following:

> **(a) General rule.**--Whenever an employer is in receipt of information which is part of an employment applicant's criminal history record information file, it may use that information for the purpose of deciding whether or not to hire the applicant, only in accordance with this section.
> **(b) Use of information.**--Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied.
> **(c) Notice.**--The employer shall notify in writing the applicant if the decision not to hire the applicant is based in whole or in part on criminal history record information.

18 Pa. Cons. Stat. Ann. § 9125.

The School District argues that Negron's claim fails as a matter of law because the

4

CHRIA applies only to hiring decisions, not decisions to terminate an employee after he has already been hired. (Mot. to Dismiss 4–5.) Negron counters that while the statute may speak only to hiring decisions, the intent of the legislature was to protect people with criminal records from being discriminated against in the entire context of employment. (Resp. 5.) He claims that the "broad principle" of the CHRIA is that criminal record information may be used only to determine "suitability for employment" of an applicant, a principle not specific to hiring decisions. (Resp. 4.) Negron also posits in his brief that he worked for the School District as a probationary employee, and was only to be considered "hired" if he successfully passed a criminal background check. (*Id*.) Because the School District relied on his criminal history record information in terminating his probationary status, Negron argues he was never actually hired, and accordingly, that his termination constituted a hiring decision. (*Id*. at 2 & n.2.)

There is little case law interpreting the scope of section 9125 of the CHRIA. Negron relies on the Pennsylvania Superior Court's language from *Cisco v. United Parcel Services, Inc.*, 476 A.2d 1340 (Pa. Super. Ct. 1984), to bolster his "broad principle" argument that the CHRIA prohibits employers from relying on an employee's criminal record with respect to both hiring and firing decisions. I find *Cisco*, however, to be inapposite. There, the United Parcel Service ("U.P.S.") discharged and refused to rehire an employee who had been accused of theft and trespass during one of his deliveries, only later to be acquitted of the charges. *See id*. at 1340–41. Although the Superior Court stated that the CHRIA "lends support" to the argument that "the guarantee [of the presumption of innocence] carries little or no impact if an individual may be arbitrarily discharged from his source of livelihood merely because of a [criminal] accusation," *Cisco*, 476 A.2d at 1343, it failed to find that the CHRIA supported a public policy exception to

5

wrongful termination given the facts of that case. The court specifically noted that U.P.S.'s action in terminating the plaintiff's employment was "not a hiring situation . . . but a discharge and refusal to rehire," hence distinguishing the case from other situations where the CHRIA had provided an employee protection. *Id*. at 1344; *see also id*. at 1343 ("[I]t may reasonably be surmised that any experience with the criminal justice system which falls short of a conviction is not a fair consideration by an employer considering *hiring* an individual with that experience.") (emphasis added). Thus, the court's focus on the fact that the employer's decision in relying on criminal record information was not made in the context of hiring, but in discharge, undermines Negron's "broad principle" argument based on the alleged facts.

The School District, meanwhile, relies on *Dean v. Specialized Security Response*, in making its argument that the CHRIA does not apply to termination decisions. No. 09-515, 2011 WL 3734238 (W.D. Pa. Aug. 24, 2011). In that case, an employee stated on an employment application that he had never been convicted of a crime. *Dean*, 2011 WL 3734238, at *2. The employee was then hired. *See id*. at *3. The employer subsequently fired he employee, however, after it reviewed the employee's criminal record and discovered that the employee had been convicted of one felony and several misdemeanor offenses. *See id*. at 2. In reviewing the plaintiff's CHRIA claim, the court stated, "The [CHRIA] is relevant with respect to the hiring, not the termination, of an employee. As such, plaintiff's claims may not fall under the purview of the statute." *Dean*, 2011 WL 3734238, at *15. This language is certainly favorable to the School District's position, but the court entered judgment against the plaintiff with respect to his CHRIA claim on other grounds; thus, it is *obiter dictum*.

While neither case is overwhelmingly helpful to either party, the text of the statute

6

supplies a more direct answer with respect to the question of the law's scope. The plain language of the statute states that section 9125 applies only to hiring decisions. *See* 18 Pa. Cons. Stat. Ann. § 9125(a) ("[An employer] may use [a criminal history record information file] for the purpose of deciding whether or not to *hire* the applicant . . . .") (emphasis added). Furthermore, the statute has undergone several revisions, affording the Pennsylvania legislature opportunities to broaden the statute's reach, something it has chosen not to do. *See* 18 Pa. Cons. Stat. Ann. § 9125 (1982) (amending P.L. 556, No. 127, § 3 (Dec. 14, 1979) (amending P.L. 116, No. 47, § 2 (July 16, 1979))). Therefore, guided by the maxim of statutory interpretation *inclusio unius est exclusio alterius*, I conclude that the CHRIA only applies to hiring decisions, and as written does not extend to decisions concerning employment termination. As a result, Negron's claim fails as a matter of law.

Nevertheless, in his response to the motion to dismiss, Negron makes a colorable argument that he began his employment with the School District pending a successful completion of a criminal background check, and because the School District relied on his criminal record in terminating his employment, he was never fully hired. These factual allegations, however, do not appear in Negron's complaint. In his response, Negron has requested an opportunity to amend his complaint should his CHRIA claim fail. (Resp. 6–7.) Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, I will dismiss count II of Negron's complaint without prejudice to his right to file an amended complaint that may plausibly support a claim under his "probationary employee" theory.

### B. Count III: Wrongful Termination

The School District argues that Negron's wrongful termination claim fails as a matter of law because (1) terminating an employee based on his criminal history record is not against Pennsylvania's public policy; (2) a wrongful termination claim is only available for at-will employees, which Negron is not; and (3) the claim is barred by the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. §§ 8541 *et seq*. (Mot. to Dismiss 5.) In his response, Negron states that he does not challenge the School District's motion to dismiss his wrongful termination claim. (Resp. 2 n.1.) Accordingly, by agreement of counsel I will dismiss the wrongful termination claim (count III) with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the School District's motion to dismiss is granted; however, Negron may file an amended complaint with respect to count II. An appropriate order follows.