Mark S. Scheffer, Esquire
**LAW OFFICES OF MARK S. SCHEFFER**
Identification Nos. 59271
P.O. Box 111                                                                                    Attorney for Plaintiff
Birchrunville, PA  19421
(610) 915-8351

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS M. NEGRON | : | CIVIL ACTION |
| v. | : | NO. 13-cv-00169 |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : | JURY TRIAL DEMANDED |

AMENDED COMPLAINT

1.Plaintiff, Luis M. Negron, is an individual and citizen of the State of Jew Jersey residing therein at 8 Vance Street, Browns Mills, NJ 08015.

2.Plaintiff, at all relevant times, was a schoolteacher with Defendant, The School District of Pennsylvania.

3.Defendant, The School District of Pennsylvania ("School District"), was Plaintiff's employer and has its main offices in Philadelphia located at 440 N. Broad Street, Suite 101, Philadelphia, PA 19130.

4.The causes of action set forth in this complaint arise under Article I, Section 1 of the Pennsylvania Constitution and Pennsylvania's Criminal History Record Information Act, 18 Pa. Cons. Stat. §9125 ("CHRIA").

5.The District Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332, the matter in controversy exceeding the sum of $75,000 and involving citizens of different states.

6. At all times material hereto, Defendant School District acted through authorized agents, servants, workers and/or employees acting in the scope of their employment with Defendants and in furtherance of Defendants' business.

7. Plaintiff commenced working for Defendant as a Special Education Teacher on or about September 1, 2009.

8. Prior to commencing work for Defendant, Plaintiff was required to fill out an application which, among other things, asked, "[w]ere you ever convicted of a crime?" The application defined conviction as "a adjudication of guilt . . . which results in a fine, sentence or probation." The application further indicated that "[y]ou may omit . . . any convictions for which you successfully completed an Accelerated Rehabilitative Disposition Program."

9. Plaintiff's criminal record was comprised of two charges stemming from January of 1999, and for both charges he successfully completed an Accelerated Rehabilitative Disposition Program.

10. Plaintiff therefore did not have a conviction as defined by the application, and he accurately indicated that he did not in response to the question on the application concerning the same.

11. On or about January 28, 2011 Plaintiff's employment with Defendant was terminated.

12. In so far as Plaintiff was a non-tenured teacher hired subject to the results of a pending background check, Plaintiff was not permanently hired as a teacher by Defendant. Indeed, the nature of Plaintiff's status as a non-permanent employee or an employee temporarily hired pending completion of his background check is confirmed or suggested by Defendant's termination of him on the basis of his application and the results of that background check. Plaintiff's claims thus come within the scope of the CHRIA.

13. In terminating Plaintiff's employment, Defendant claimed that Plaintiff had made misrepresentations regarding his criminal record on the application. That claim is false and pretextual, and Plaintiff submitted documentary proof to Defendant which indicated its falsity. Plaintiff believes and therefore avers that Defendant was motivated by his criminal history or record in terminating his employment.

14. Defendant's termination of Plaintiff at least in part because of his criminal history or record violated Pennsylvania law, and Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## COUNT I (PA CONSTITUTION)

15. Plaintiff hereby incorporates by reference Paragraphs 1 through 14 above as if set forth herein in their entirety.

16. The termination of Plaintiff by Defendant violated Article I, Section 1 of the Pennsylvania Constitution.

17. As a direct and proximate result of Defendants' violation of the Pennsylvania Constitution, Plaintiff has sustained the damages and losses set forth above.

## COUNT II (CHRIA)

18. Plaintiff incorporates herein by reference paragraphs 1 through 14 above as set forth herein in their entirety.

19. Defendant, by the above-referenced actions, has violated the Criminal History Record Information Act, 18 Pa. Cons. Stat. §9125.

20. As a direct and proximate result of Defendant's violation of the Criminal History Record Information Act, Plaintiff has sustained the damages and losses set forth above.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a) Awarding equitable and injunctive relief enjoining Plaintiff's reinstatement to an appropriate teaching position with Defendant and declaring Defendant's actions to be in violation of the Pennsylvania Constitution and laws of Pennsylvania;

(b) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and unlawful treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(c) Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, injury to reputation, loss of life's pleasures, and pain and suffering;

(d) Awarding Plaintiff's costs of this action, together with reasonable attorney's fees; and,

(e) Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

/s/ Mark S. Scheffer
Mark S. Scheffer, Esquire