IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS M. NEGRON, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-CV-00169 |
| THE SCHOOL DISTRICT : | |
| OF PHILADELPHIA , : | |
| : | |
| Defendant. | |

**MEMORANDUM**

YOHN, J.                                                                                            January 14, 2014

Plaintiff, Luis M. Negron, brings this action against defendant, the School District of Philadelphia ("the School District") for terminating his employment as a special education teacher based on information in Negron's criminal record. He claims violations of article I, section 1 of the Pennsylvania Constitution (count I) and Pennsylvania's Criminal History Record Information Act, 18 Pa. Cons. Stat. Ann. § 9125 (count II). Before me is the School District's motion to dismiss both counts pursuant to Rule 12(b)(6), Negron's response, and the School District's reply. For the following reasons, I will deny the School District's motion to dismiss.

**I. Factual Background and Procedural History[1]**

---

[1] When faced with a motion to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint[,] and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* As the Third Circuit explained, "[t]he rationale underlying this exception is that the primary problem raised by looking to the documents outside the complaint – lack of notice to the plaintiff – is dissipated where the plaintiff has actual notice…and has relied upon these documents in framing the complaint." *In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). Of the six exhibits the School District appends to its motion to dismiss I may consider the General Background Information form (Exhibit A) and the Temporary Professional Employee Notification (Exhibit F), as Negron's claim are based on the documents and Negron had notice of them as evidenced by his signature. While Negron challenges the propriety of the court considering the documents, he does not impugn their authenticity. I may also consider the docket sheet from the Court of Common Pleas of Montgomery County (Exhibit D) as it is a public record. I will not consider the background checks (Exhibits B, C) because Negron's CHRIA claim does not rely on the contents of the background check, nor is there any evidence that Negron had access to the documents. Finally, I will not consider the Information for New Employees form (Exhibit E) as Negron's claims are not based on the document.

On August 28, 2009, Negron signed a Temporary Professional Employee Notification securing a position as a non-tenured teacher with the Philadelphia School District effective September 1, 2009.  (Amend. Compl. ¶¶ 7, 12, Mot. Ex. F.)  Negron alleges that his hiring was subject to a pending background check.  (Amend. Compl. ¶ 12.)  According to the Temporary Professional Employee Notification, the contract was "subject to the provisions of the Public School Code of 1949."  (Mot. Ex. F.)

Prior to securing this position, Negron completed an application with the School District which asked, "[w]ere you ever convicted of a criminal offense?"  (Amend. Compl. ¶ 8, Mot. Ex. A.)  Conviction was defined as "an adjudication of guilt…which results in a fine, sentence, or probation" but the applicant was permitted to "omit…any convictions…for which [he] successfully completed an Accelerated Rehabilitative Disposition Program ["ARD"]."  (Amend. Compl. ¶ 8, Mot. Ex. A.)  Negron had been convicted of two unspecified charges in January 1999 for which he successfully completed ARD.  (Amend. Compl. ¶ 9, Mot. Ex. D.)  Accordingly, Negron indicated on his application that he did not have any prior convictions.  (Amend. Compl.  ¶ 10, Mot. Ex. A.)

On or about January 28, 2011, the School District terminated Negron's employment.  (Amend. Compl. ¶ 11.)  Negron alleges that the proffered reason for his termination – that he misrepresented his criminal history on his application – was both false and pretextual.  (Amend. Compl. ¶ 13.)  Negron further alleges that his termination was motivated by his criminal record.  (Amend. Compl. ¶ 13.)

On January 11, 2013, Negron filed a complaint in the Eastern District of Pennsylvania claiming: (1) a violation of article I, section 1, of the Pennsylvania Constitution; (2) a violation of Pennsylvania's Criminal History Record Information Act ("CHRIA"), 18 Pa. Cons. Stat. Ann.

§ 9125; and (3) that his discharge constituted wrongful termination under Pennsylvania common law. On June 3, 2013, the School District filed a motion seeking dismissal of the CHRIA claim and the wrongful termination claim.[2] The School District did not move to dismiss the claim alleging a violation of the Pennsylvania constitution.

In that motion the School District argued that Negron's CHRIA claim failed as a matter of law because CHRIA applies only to hiring decisions. Negron argued in response that the intent of the legislature and the "broad principle" of CHRIA was to prohibit employers from using an employee's criminal record with respect to both hiring and firing decisions. In a footnote, Negron introduced factual allegations, not previously raised in his complaint, arguing that his hiring was subject to a background check, that he was terminated, at least in part, on the basis of the background check, and that his employment was therefore probationary subject to the outcome of the background check.

On August 1, 2013, I held that CHRIA applied only to hiring decisions and granted the School District's motion to dismiss. *Negron v. School Dist. of Phila.*, No. 13-cv-00169, 2013 U.S. Dist. LEXIS 107969, at *10 (E.D. Pa. August 1, 2013). However, I granted Negron leave to file an amended complaint "that may plausibly support a claim under his 'probationary employee' theory." *Id.* at *11.

On August 13, 2013, Negron filed an amended complaint. The new content offered in the amended complaint supporting Negron's "probationary employee theory" consists of the following:

> In so far as Plaintiff was a non-tenured teacher hired subject to the results of a pending background check, Plaintiff was not permanently hired as a teacher by Defendant. Indeed, the nature of Plaintiff's status as a non-permanent employee or an employee temporarily hired pending completion of his background check is confirmed or suggested

---

[2] The plaintiff did not dispute the dismissal of the wrongful termination claim, and it was dismissed with prejudice.

3

>by Defendant's termination of him on the basis of his application and the results of that background check. Plaintiff's claims thus come within the scope of CHRIA.

(Amend. Compl. ¶ 12.)

On September 27, 2013, the School District filed a second motion seeking dismissal of both of Negron's remaining claims. Negron responded on October 15, 2013 and the School District replied on October 22, 2013.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. In deciding a motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

**III. Discussion**

  Initially Negron argues that the motion to dismiss is barred by Rule 12(g) of the Federal Rules of Civil Procedure because the School District failed to raise an objection or a defense for both claims in its first motion to dismiss. Rule 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(2) allows a party to raise a "failure to state a claim" defense under Rule 7(a), Rule 12(c), and at trial, but not under Rule 12(b)(6). The Eastern District of Pennsylvania splits on how to handle a serial Rule 12(b)(6) motion that raises a failure to state a claim objection that was available to the defendant but omitted from an earlier 12(b)(6) motion. *Garges v. The People's Light & Theater Co.*, No. 09-2456, 2012 U.S. Dist. LEXIS 7919, at *9-10 (E.D. Pa. January 24, 2012) (holding that requiring the defendant to file a proper motion, as permitted by Rule 12(h)(2), "would only delay the inevitable refilling of the same arguments at a later time"); *CGL, LLC v. Schwab*, No. 11-04593, 2012 U.S. Dist. LEXIS 135534, at *8-11 (E.D. Pa. September 21, 2012) (holding that Rule 12(g)(2) by its plain language incentivizes parties to consolidate pre-answer motions and therefore should apply to a second 12(b)(6) motion that raises a failure to state a claim objection that was available to defendant but omitted from a previous 12(b)(6) motion).

  While I note the *Garges* court's decision in favor of judicial economy, I believe the plain language of Rule 12(g)(2) prevents the School District from raising a defense to count I in its current 12(b)(6) motion that was previously available but omitted from its first 12(b)(6) motion. Accordingly, because the Pennsylvania constitutional claim in count I was available to the School District when it filed its first motion to dismiss and because Negron's amended complaint

did not alter any of the factual allegations relevant to the constitutional claim, the School District is barred from raising its objection in the current motion to dismiss.  However, because Negron's amended complaint supplements the factual allegations regarding the CHRIA claim, the School District is not barred from raising new defenses and objections to that claim.  Since Negron's complaint survives this motion to dismiss on the CHRIA claim, as discussed below, judicial economy is not much harmed by permitting the Pennsylvania constitutional claim to survive until it is addressed in a proper motion permitted by Rule 12(h)(2).

Turning now to the substance of the School District's motion to dismiss on the CHRIA claim, Section 9125 states:

> **(a) General rule.** – Whenever an employer is in receipt of information which is part of an employment applicant's criminal history record information file, it may use that information for the purpose of deciding whether or not to hire the applicant, only in accordance with this section.
> **(b) Use of information.** – Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied.
> **(c) Notice.** – The employer shall notify in writing the applicant if the decision not to hire the applicant is based in whole or in part on criminal history record information.

18 Pa. Cons. Stat. Ann. § 9125.

Under CHRIA an employer may use an applicant's criminal record "for the purpose of deciding whether or not to hire the applicant" "only to the extent to which [it] relate[s] to the applicant's suitability for employment in the position for which he has applied."  I have held that CHRIA applies only to hiring decisions.  Negron now alleges that he was "hired subject to the results of a pending background check" and that his termination was "motivated by his criminal history or record" in violation of the CHRIA. (Amend. Compl. ¶ 12, 13.)  Construing it in "the light most favorable to the plaintiff," the amended complaint alleges that because Negron was

hired subject to a background check his subsequent termination, based on that background check, potentially constitutes a hiring decision, drawing his claim within the scope of the CHRIA.[3]

The School District first argues for dismissal on the basis that, according to the Pennsylvania Public School Code, Act of March 10, 1949, P.L. 30, 24 P.S. § 1-101 et seq. ("the Code"), "temporary professional employees" or "non-tenured teachers" are considered "regular, fulltime employees of the School District immediately upon beginning their employment"; "enjoy all the rights and privileges of regular full-time employees"; and are considered "fully hired." (Mot. 8-11.) While a discussion of the Code may be instructive, it does not indisputably undermine Negron's claim that his hiring subject to a background check and his termination based, at least in part, on that background check constitutes a hiring decision, drawing it within the scope of the CHRIA. Further development of the record through discovery is necessary.

The School District next looks to various documents that it claims directly contradict Negron's allegation that he was hired subject to the results of a background check. As discussed above, I may not consider the background checks offered by the School District at this stage. However, the Temporary Professional Employee Notification (which I can consider) clearly states that the "contract is subject to the provisions of the Public School Code of 1949 ["the Code"], and the amendments thereto." (Mot. Ex. F.) And the Code includes provisions regarding how criminal records for both current and prospective employees may be used to determine eligibility for employment. 24 P.S. § 1-111.

**IV. Conclusion**

For the foregoing reasons, the School District's motion to dismiss is denied. An appropriate order follows.

---

[3] While Negron's claim under the CHRIA is stated somewhat conclusorily, the School District does not challenge the CHRIA claim based on the conclusory nature of the pleadings, nor does the School District challenge Negron's theory regarding his hiring subject to a background check, and his termination based on that background check.